*E-FILED - 8/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORLANDO PEREZ,                    )          No. C 06-5220 RMW (PR)
                                  )
              Plaintiff,          )          ORDER GRANTING
                                  )          DEFENDANT'S MOTION TO
       v.                         )          DISMISS; DENYING
                                  )          MOTION TO COMPEL
M.S. EVANS,                       )
                                  )
              Defendant.          )
_____)             (Docket Nos. 16, 21)

        Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed a pro se civil rights

complaint pursuant to 42 U.S.C. § 1983.  After reviewing the complaint, the Court found that it

stated a cognizable Eighth Amendment claim for being continuously confined to lockdown

without adequate outdoor exercise, resulting in physical and emotional suffering.  In the same

order, the Court directed defendant, the warden of SVSP, to file a dispositive motion or notice

that he is of the opinion that such a motion is not warranted in this case.  Defendant filed a

motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure

on the ground that plaintiff failed to exhaust administrative remedies.  Plaintiff has filed an

opposition to defendant's motion to dismiss, and defendant filed a reply.  Also pending is

plaintiff's Order (sic) Compelling Disclosure and Discovery, to which defendant has filed an

opposition, and plaintiff filed a reply.

**DISCUSSION**

A.     Motion to Dismiss

    1.     Standard of Review

    Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Id. In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.[1] If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

    2..     Analysis

    The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as  money damages. Porter v. Nussle, 122 S. Ct. 983, 988, 992 (2002). Furthermore, administrative remedies may not be exhausted where the grievance, liberally construed, does not have the same subject and same request for relief. See generally O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (even with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and

---

[1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the May 23, 2007, order in this matter.

therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act).

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("Director").  See Barry v Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a).  See id. at 1237-38.

3.    Plaintiff's claim

In his complaint, plaintiff alleges that defendant has confined him to continuous segregation without adequate access to outdoor exercise.  Further, he alleges that this deprivation caused him extreme loss of physical therapy necessary for his health and the lack of physical exercise is cruel and unusual punishment.  Defendant argues that plaintiff failed to administratively exhaust this claim prior to filing his complaint, and therefore, this action should be dismissed for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a).  In response, plaintiff asserts that the PLRA does not require a heightened pleading standard, and his administrative appeals gave the defendant adequate notice that he was complaining about the deprivation of outdoor exercise.

The parties agree and the record indicates that plaintiff exhausted his administrative remedies in regards to inmate appeal number SVSP-05-04039.  See Complaint, pp. 1-2; Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss ("Reply"), p. 3. After the prison bypassed the informal review level, see Complaint, p. 2, on September 29, 2005, plaintiff submitted appeal number SVSP-05-04039 for his first formal appeal, contending that the prison should give canteens and packages to all inmates; the prison should release the

1   prisoners in Facility "A" from continuous lockdown unless it could prove that there was a

2   plausible threat to safety; the blanket imposition of discipline denies him the "common decency

3   of personal hygiene;" the lockdowns rendered the Men's Advisory Council obsolete; and the

4   prison was engaging in enacting lockdowns with no proof of necessity.  See Declaration of T.

5   Emigh in Support of Defendant's Motion to Dismiss ("Decl.") Exhibit D-3, D-5.  The appeal

6   was denied.  Id., Exhibit D-4.

7        Thereafter, plaintiff filed his second formal appeal, contending that continuous lockdown

8   procedures created a hostile environment; the prison was disregarding its own procedures with

9   respect to discipline; not all prisoners are receiving canteens and packages; the act of segregation

10  not related to disciplinary action is unfair; the general conditions of confinement are being in

11  solitary confinement with no time for out-of-cell exercise; the prison should institute a regular

12  program of privileges in order to prevent inmate fighting.  Id., Exhibit D-6 - D-11.  The appeal

13  was partially granted.  Id., Exhibit D-12, D-13.

14       Plaintiff filed a Director's level of review, contending that the prison is using

15  unsubstantiated safety concerns to keep the facility on lockdown, which restricts the giving of

16  canteens and affects personal hygiene.  Id., Exhibit D-14, D-15.  Plaintiff's appeal for a

17  Director's level of review was denied.  Id., Exhibit D-1, D-2.  The reviewing officer found that

18  the prison was operating under standard practice by placing Facility "A" on a modified program

19  after disturbances and, unless and until staff can ascertain the threat status of individual inmates

20  to others, the inmate remains on a modified program status which is consistent with the

21  Department Operations Manual.  Id.

22       Section 1997e(a) requires that plaintiff present his claims to each level of administrative

23  review before raising the claims in a § 1983 action in federal court.  See Woodford v. Ngo, 548

24  U.S. 81, 88 (2006) ("Exhaustion gives an agency an opportunity to correct its own mistakes with

25  respect to the programs it administers before it is haled into federal court, and it discourages

26  disregard of [the agency's] procedures.") (internal quotations omitted).  Plaintiff's appeal at the

27  Director's level addresses only the arbitrariness of lockdown, the restrictions on canteens and

28  personal hygiene, and the unsubstantiated safety concerns; it does not mention inadequate

1   outdoor exercise or resulting damage to his health.  <u>See</u> Decl., Exhibit D-14, D-15; Complaint, p.

2   3.  Even liberally construed, plaintiff's exhausted inmate appeal does not have the same subject

3   as the claim raised in the present action:  that he received inadequate outdoor exercise and

4   therefore was deprived of the physical therapy necessary to meet his health needs.  <u>See</u> <u>O'Guinn</u>

5   <u>v. Lovelock Correctional Center</u>, 502 F.3d 1056, 1062 (9th Cir. 2007).  Because plaintiff failed

6   to properly exhaust his administrative remedies as to his stated claim of inadequate outdoor

7   exercise and damage to his health needs to the highest level of administrative review, such claim

8   is DISMISSED without prejudice.

9   B.      <u>Order Compelling Disclosure and Discovery</u>

10          The court has reviewed plaintiff's motion to compel and responses thereto.  Plaintiff may

11   file a motion to compel discovery only after he satisfies the "meet and confer " requirements of

12   the discovery rules.  <u>See</u> Fed. R. Civ. P. 37(a)(2)(A); L. R. 37-1(a).  Rather,  if his discovery

13   requests are denied and he intends to seek a motion to compel he need only send a letter to

14   defendants to that effect, offering them one last opportunity to provide him the sought-after

15   information.  It is clear from plaintiff's motion that he has not done so.  Accordingly, plaintiff's

16   motion to compel is hereby DENIED.

17                                      **CONCLUSION**

18          Plaintiff's complaint is hereby DISMISSED for failure to exhaust administrative

19   remedies (docket no. 21).  Plaintiff's motion to compel is DENIED (docket no. 16).  The clerk

20   shall terminate any remaining motions and close the file.

21          IT IS SO ORDERED.

22   DATED:  __8/8/08_____          _____*Ronald M. Whyte*_____

23                                    RONALD M. WHYTE
                                      United States District Judge

24

25

26

27

28

Order Granting Defendant's Motion to Dismiss; Denying Motion to Compel
P:\pro-se\sj.rmw\cr.06\Perez220mtdexh          5